ALLISON M. RATTET
CA BAR NO: 320245
MORGAN & MORGAN, P.A.
8151 PETERS ROAD, SUITE 4000
PLANTATION, FLORIDA 33324
TELEPHONE: (954) 318-0264
FACSIMILE: (954) 807-7797
E-MAIL: ARATTET@FORTHEPEOPLE.COM

C. Ryan Morgan
*Pro hac vice forthcoming*
Florida Bar No. 15527
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 418-2069
Facsimile: (407) 245-3401
rmorgan@forthepeople.com
Attorneys for Raymundo and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO RAYMUNDO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAMBRIDGE HEALTHCARE SERVICES, LLC, and KF SUNRAY, LLC d/b/a "Sunray Healthcare Center",<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR CLASS ACTION & COLLECTIVE ACTION; REPRESENTATIVE ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004**<br><br>**JURY DEMAND** |

## SUMMARY

1. Defendant, Cambridge Healthcare Services, LLC ("Cambridge"), is a large nursing home operator that manages approximately 38 skilled nursing facilities in California. Defendant, KF Sunray, LLC ("Sunray") which does business as "Sunray Healthcare Center," is one of those skilled nursing facilities and is an

1

"affiliated entity" of Cambridge. *See* https://cambridgehs.com/ (last accessed Dec. 19, 2023).

2. Plaintiff, Fernando Raymundo ("Raymundo"), worked for Defendants as a Respiratory Therapist at Sunray Healthcare Center in Los Angeles, California.

3. Defendants failed to pay their employees, including Raymundo, overtime as required by state and federal law at all times.

4. Instead, Defendants paid these workers the same hourly rate for all hours worked for more than eight (8) and/or twelve (12) hours in one day, including those in excess of 40 (forty) in a workweek during certain time periods.

5. Raymundo brings this collective and representative PAGA action to recover the unpaid overtime and other damages owed to him, and other similarly situated workers, under state and federal law.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over Raymundo's Fair Labor Standards Act (FLSA) claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Raymundo's state law claims because these claims for unpaid wages and related damages arise from the same practices and policies as the federal claims. 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District and Division. Raymundo worked for Defendant in this District and Division and Defendant has offices in this District and Division.

## THE PARTIES

8. Cambridge is a California limited liability company that manages approximately 38 skilled nursing facilities in California.

9. Sunray is a California limited liability company operating as a skilled nursing facility in Los Angeles, California.

10. Sunray is an affiliated entity of Cambridge. *See* https://cambridgehs.com/ (last accessed Dec. 19, 2023).

11. Included in such "skilled personnel" are Respiratory Therapists.

12. Raymundo is an hourly employee of Defendants in California and has worked for Defendants at Sunray Healthcare Center. He has been employed by Defendants from approximately January 2011 to present, in the position of Respiratory Therapist.

13. Together, Defendants constitute joint employers of Plaintiff and the other Respiratory Therapists who work at Sunray Healthcare Center by controlling their day-to-day job duties, hours of work, and maintaining the right to hire and fire these workers.

## THE FACTS

14. At all material times, Defendants classified Plaintiff and other similarly situated Respiratory Therapists as non-exempt employees but paid them their regular hourly rate for all hours worked, including overtime hours, during certain times.

15. Defendants locate, interview, hire, maintain employment records on, and also supervise performance of these workers. Defendants retain the right to terminate these workers at any time, with or without cause, and without prior notice.

16. Raymundo started working for Defendants in 2011.

17. At all material times, Defendants are/were an enterprise subject to the FLSA's provisions on overtime wages.

18. At all material times, Defendants are/were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

Engaged in commerce; or

Engaged in the production of goods for commerce; or

Handling, selling or working on goods or materials that have been moved in

or produced for commerce. (i.e. office supplies (such computers, telephones, etc.) and amenities in guest rooms (such as microwaves, coffee makers, furniture, bedding, etc.)).

19. At all material times, Defendants had two or more employees who routinely ordered materials or supplies, such as office supplies and healthcare supplies, from out of state vendors.

20. At all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. Defendants employed Raymundo and similarly situated Respiratory Therapists within the meaning of the FLSA and the California Labor Code.

22. Defendants paid Raymundo by the hour.

23. Defendants approved Raymundo's timesheet and then paid him the same hourly rate for all hours worked on his timesheet, including overtime hours.

24. Because he was paid by the hour, Raymundo recorded the hours he worked.

25. Raymundo recorded his time in Defendants' timekeeping system.

26. Defendants approved Raymundo's timesheets each pay period.

27. Raymundo reported the hours he worked to Defendants on a regular basis.

28. Defendants maintained accurate records of the hours Raymundo worked.

29. These records demonstrate that Raymundo regularly worked more than 8 hours in a day and 40 hours a week. He often worked more than 12 hours in a single day.

30. Defendants' records reflect the wages it paid to Raymundo.

31. And despite knowing Raymundo regularly worked more than 8 hours

(and often 12 hours) in a day, and more than 40 hours in a week, Defendants failed to pay Raymundo proper overtime. Instead, Defendants paid Raymundo the same hourly rate for all hours worked, including those in excess of 8 (and 12) in a day, as well as those in excess of 40 in a workweek, during some workweeks in the applicable statute of limitations.

32. This "straight time for overtime" scheme violates state and federal law requiring overtime pay equal at least 1.5 times the worker's regular rate. 29 U.S.C. § 207(a); CAL. LABOR CODE § 510. It also violates California's requirement that hours worked in excess of 12 in a day, or after 8 on the 7th consecutive day of work, be paid at double time. CAL. LABOR CODE § 510. It also violates California's Record Keeping Requirements. CAL. LABOR CODE § 226. It also violates California's Labor Code Private Attorneys General Act of 2004. CAL. LABOR CODE § 2699.

33. Defendants knew state and federal law required overtime pay to hourly workers like Raymundo.

34. As a result, Raymundo and other similarly situated workers remain uncompensated for the wages and other damages owed by Defendants under state and federal law.

35. Raymundo requested from Defendants, in writing, the right to inspect or copy records pertaining to his employment pursuant to CAL. LABOR CODE §§ 226, 1198.2, and 432.

36. More than thirty (30) days has elapsed from the date on which Raymundo made the request without a response from Defendants.

37. To date, Raymundo has not been permitted to inspect or copy records pertinent to his employment, in violation of CAL. LABOR CODE §§ 226, 1198.2, and 432.

**COLLECTIVE ACTION ALLEGATIONS**

38. Raymundo incorporates the preceding paragraphs by reference.

39. Raymundo seeks to certify an FLSA Collective Action comprised of the following employees: "**All individuals who worked as Respiratory Therapists for Defendants (or any predecessor entity) within three years preceding the filing of this Complaint through the present.**"

40. Defendants' illegal "straight time for overtime" policy extended well beyond Raymundo. Many other hourly Respiratory Therapists employed by Defendants were paid according to the same unlawful scheme.

41. From Raymundo's observations and discussions with these hourly employees, he is aware that the illegal practices or policies of Defendants have been imposed on a district group of hourly employees.

42. These workers are similarly situated to Raymundo. They were all paid by the hour but only received straight time for hours worked in excess of 40 in a week during some workweeks. Because the workers were subject to the same "straight time for overtime" scheme as Raymundo, they are entitled to overtime under the FLSA for the same reasons as Raymundo.

43. The FLSA Class members were not paid their full overtime premiums for all overtime hours worked.

44. These employees are victims of Defendants' unlawful compensation practice and are similarly situated to Raymundo in terms of the pay provisions and employment practices at issue in this lawsuit.

45. The precise job locations of the various hourly Respiratory Therapists do not prevent collective treatment.

46. The workers in the FLSA Class were similarly situated within the meaning of the FLSA.

47. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly

employees.

48. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

49. All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## CLASS ACTION ALLEGATIONS

50. Raymundo incorporates the preceding paragraphs by reference.

51. Raymundo seeks to certify a Fed. R. Civ. P. 23 Class Action comprised of the following employees: "**All individuals who worked as Respiratory Therapists for Defendants (or any predecessor entity) within three years preceding the filing of this Complaint through the present.**"

52. The proposed Fed. R. Civ. P. 23 Class Action may be properly maintained under Rule 23(b)(3).

53. Based upon information and belief, KF Sunray, LLC employs at least 6-8 Respiratory Therapists at any given time which is consistent for all other facilities owned by Cambridge Healthcare Services, LLC.

54. Therefore, the putative class contains *at least* 228 class members (6 respiratory therapists x 38 facilities), if not more, not considering any turnover during the statutory period.

55. Defendants' failure to pay wages and overtime compensation at the rates required by California law result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly employees.

56. Thus, Raymundo's experiences are typical of the experiences of the hourly employees he seeks to represent.

7

57. The precise job locations of the various hourly Respiratory Therapists do not prevent class treatment.

58. Raymundo has no interests contrary to, or in conflict with, the members of the Class Members. Like each member of the proposed class, Raymundo has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

59. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

60. Absent this action, many Class Members will likely not obtain redress of their injuries and Defendants will reap the unjust benefits of violating California law.

61. Furthermore, even if some of the Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

62. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

63. The questions of law and fact common to each of the Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> Whether Defendants employed the Class Members within the meaning of California law;
>
> Whether the Class Members were exempt from overtime;
>
> Whether Defendants' decision to not pay overtime to Class Members was made in good faith; and
>
> Whether Defendants' violation of California law was willful.

64. Raymundo's claims are typical of the Class Members'. Raymundo and the Class Members have sustained damages arising out of Defendants' illegal and uniform employment policy of paying "straight time for overtime."

65. Raymundo knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

66. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

67. All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked for more than eight (8) and/or twelve (12) hours in one day, including those in excess of 40 (forty) in a workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

68. Raymundo seeks to notify class members of this action by first class mail, e-mail, and text message.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME (FLSA)

69. Raymundo incorporates paragraphs one (1) through sixty-five (68) above as though fully stated herein.

70. Defendants violated the FLSA by employing Raymundo and the FLSA Class members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without paying overtime at rates no less than 1 and 1/2 the regular rates for which they were employed.

71. By failing to pay Raymundo and other similarly situated workers overtime at 1.5 times their regular rates, Defendants violated the FLSA. 29 U.S.C. § 207(a).

72. Defendants owe Raymundo and other similarly situated workers overtime for all hours worked in excess of forty (40) in a workweek, at the rate of at

least 1.5 times their regular rates of pay.

73. Defendants owe Raymundo and other similarly situated workers the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

74. Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Raymundo and all those similarly situated overtime compensation.

75. Defendants' decision to deny Raymundo and other similarly situated workers overtime was neither reasonable, nor made in good faith.

76. Accordingly, Raymundo and other similarly situated workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME (CALIFORNIA LABOR CODE § 510)

77. Raymundo incorporates paragraphs one (1) through sixty-five (68) above as though fully stated herein.

78. The California Labor Code requires that all employees, including Raymundo and other similarly situated workers, receive 1.5x their hourly rate as overtime premium compensation for hours worked over eight (8) in one day. CAL. LABOR CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

79. The California Labor Code also requires that all employees, including Raymundo and other similarly situated workers, receive 2x the overtime premium compensation for hours worked over twelve (12) in one day. CAL. LABOR CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

80. The California Labor Code further requires that all employees, including Raymundo and other similarly situated workers, receive 2x the overtime premium compensation for hours worked over eight (8) in one day, in the seventh day of a

workweek. CAL. LABOR CODE §§ 510, 551-52 (2017); IWC Wage Orders #1-2001 through #17-2001.

81. Defendants treated Raymundo and other similarly situated workers as exempt employees from the applicable state and federal overtime laws and denied them overtime wages.

82. Despite working over 8 hours a day as part of their normal and regular shift, Raymundo and other similarly situated workers did not receive proper overtime compensation for all hours worked over 8 in one day.

83. Although Raymundo and other similarly situated workers occasionally worked over 12 hours in one day, they did not receive the 2x compensation rate required by state law.

84. Defendants suffered or permitted Raymundo and other similarly situated workers to work more than 8 and/or 12 hours in a day, and/or 40 hours in a week, in California, without paying them overtime as required by the California Labor Code.

85. By failing to pay overtime to Raymundo and other similarly situated workers, Defendants violated the California Labor Code and the provisions of the applicable I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

86. As a result of Defendants' unlawful pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation, Raymundo and other similarly situated workers have been deprived of overtime compensation, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### THIRD CAUSE OF ACTION

### VIOLATION OF RECORD KEEPING REQUIREMENTS

87. Raymundo incorporates paragraphs one (1) through sixty-five (68) above as though fully stated herein.

88. CAL. LABOR CODE § 226 requires Defendants to keep accurate records regarding the rates of pay for their California employees and provide that information to Raymundo and other similarly situated workers with their wage payment.

89. Defendants failed to pay Raymundo and other similarly situated workers the applicable overtime premium compensation for hours worked more than 8 and/or 12 hours in a day, and/or 40 hours in a week, therefore Defendants did not maintain accurate records of daily hours, gross wages earned, net wages earned, the applicable hourly rates, and did not provide that information to Raymundo and other similarly situated workers with their wages.

90. As a result, Raymundo and other similarly situated workers are entitled to recover all damages and penalties available by law, including interest, penalties, attorney fees, and cost of lawsuit. CAL. LABOR CODE § 226(e).

### FOURTH CAUSE OF ACTION

**FAILURE TO FURNISH EMPLOYEE FILE AND PAYROLL RECORDS UPON REQUEST**

91. Raymundo incorporates paragraphs one (1) through sixty-five (68) above as though fully stated herein.

92. Pursuant to CAL. LABOR CODE §§1198.5(b), 432 and 226(b), and the IWC Wage Orders, current and former employees have the right to inspect or copy records pertaining to their employment upon request.

93. Pursuant to Labor Code §226(c), an employer must comply with a written or verbal request to inspect payroll records no later than twenty-one (21) days from the date of the request.

94. Pursuant to CAL. LABOR CODE §432, an employer must make available any instrument signed by the employee to his obtaining or holding employment no later than thirty (30) days from the date the employer received the request.

95. Pursuant to Labor Code §1198.5(b) the employer must make available

for inspection the contents of the employee's personnel file no later than thirty (30) days from the date the employer received the request.

96. On February 1, 2024, Plaintiff sent via email and U.S. Certified Mail a letter to Defendants requesting copies of his personnel file, signed instruments, and payroll records. At the time of filing of the initial Complaint, no payroll,or personnel records, including signed instruments, were produced by Defendants.

97. Defendants failed to provide Raymundo records pertinent to his employment, in violation of CAL. LABOR CODE §§ 226, 1198.5, and 432.

98. Pursuant to Labor Code §§1198.5(k) and 226(f), Raymundo is entitled to recover $750 as a penalty for Defendants' failure to furnish his personnel file of upon written request.

99. Additionally, Raymundo is entitled to recover a second penalty of $750 for Defendants' failure to produce the payroll records upon Raymundo's request.

100. Moreover, Raymundo is entitled to injunctive relief, as well as attorneys' fees and costs pursuant to CAL. LABOR CODE §§1198.5(1) and 226(h).

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF PRIVATE ATTORNEYS GENERAL ACT

101. Raymundo incorporates paragraphs one (1) through sixty-five (68) above as though fully stated herein.

102. CAL. LABOR CODE § 2699, known as the Labor Code Private Attorneys General Act of 2004, provides that an aggrieved employee may bring an action for civil penalties to be assessed against an employer by the Labor and Workforce Development Agency for any violation of any provision listed in CAL. LABOR CODE § 2699.5.

103. Violations of CAL. LABOR CODE §§ 201, 202, 203, 226 and 510 are contained within CAL. LABOR CODE § 2699.5 and may provide the basis for Private Attorneys General Act claims.

104. As described in the Second, and Third Causes of Action, Defendant has knowingly and intentionally violated CAL. LABOR CODE §§ 226 and 510 in failing to pay complete overtime compensation and failing to provide accurate and complete wage statements to Raymundo and other similarly situated workers.

105. Pursuant to CAL. LABOR CODE § 2699.3(a), Plaintiff has given written notice by online filing to the Labor and Workforce Development Agency ("LWDA") of his intent to pursue these claims.

106. Raymundo seeks all applicable civil penalties on behalf of the Labor and Workforce Development Agency and himself and other similarly situated workers pursuant to CAL. LABOR CODE § 2699.

**PRAYER FOR RELIEF**

WHEREFORE, Raymundo, on behalf of himself and other similarly situated and aggrieved employees, prays for relief as follows:

1. Conditional certification of this case as a collective action;
2. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);
3. Judgment finding Raymundo and those similarly situated to be non-exempt employees under the FLSA;
4. Judgment finding Defendants violated the overtime provisions of the FLSA;
5. Judgment finding Defendants' violations of the FLSA were willful;
6. Judgment awarding all unpaid overtime wages owed under the FLSA;
7. Judgment awarding an amount equal all unpaid wages as liquidated damages;
8. Judgment awarding reasonable attorney's fees and costs;

9. Judgment awarding pre- and post-judgment interest at the highest rates allowed by law;

10. Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just.

WHEREFORE, Raymundo, on behalf of himself and all those who join this action, prays for relief as follows:

1. Judgment awarding all unpaid overtime wages, other due wages, civil penalties, and injunctive relief under California law;

2. Judgment awarding appropriate equitable relief to remedy Defendants' violations of law;

3. Judgment awarding appropriate statutory penalties;

4. Judgment awarding all damages, liquidated damages, and restitution shown to be owed by Defendants;

5. Judgment awarding attorneys' fees and costs of suit, including any expert fees pursuant to Cal. Labor §§ 1194 & Cal. Code of Civil Procedure § 1021.5;

6. Judgment awarding pre- and post-judgment interest at the highest rates allowed by law; and

7. Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just.

Plaintiffs demand trial by jury on all issues so triable.

Dated: March 23, 2024             **MORGAN & MORGAN, P.A.**

By: /s/ Allison M. Rattet
Allison M. Rattet
CA Bar No: 320245
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 318-0264
Facsimile: (954) 807-7797
E-mail: arattet@forthepeople.com